ADMINISTRATOR OF THE ESTATE OF SILAS HUBBARD, *deceased,*
*v.* EDWIN S. BILLINGS.

### Contract. Indemnity. Action.

The plaintiff, at the defendant's request, executed to an officer a receipt for certain property attached by him, and the defendant thereupon promised the plaintiff to indemnify him against all damage in consequence of signing such receipt, and to relieve him from all liability thereon by paying the debt, upon which the property was attached, within a few days. *Held,* that this was a contract absolutely to pay the debt, and that the plaintiff could maintain an action thereon, upon the defendant's failure to pay it within the specified term, though the plaintiff had not been obliged to pay anything upon the receipt before the commencement of his action.

ASSUMPSIT. The facts in the case, and the decision of the court below, to which exception was taken, are stated in the opinion of the court.

*J. Prout,* for the plaintiff.

*R. Pierpoint,* for the defendant.

POLAND, CH. J. The plaintiff's declaration alleges that the plaintiff's intestate, at the instance and request of the defendant, executed to Edgerton, a deputy sheriff, a receipt for certain property attached by him on a writ in favor of *Lewis v. Cooper,* and that thereupon the defendant "undertook, and then and there faithfully promised, the said plaintiff to see him harmless and indemnified from all loss, costs, trouble and expense in consequence of so receipting said property, and to relieve the said plaintiff from all liability thereon, by paying the said debt of said Lewis against said Cooper, in suit as aforesaid, within a few days thereafter, and upon which said property was attached as aforesaid."

The declaration alleges that afterwards Edgerton demanded the property so receipted of the plaintiff, and had commenced an action on the receipt. It also alleges that the defendant had not paid the debt of Cooper to Lewis, upon which said attachment was made, nor in any other way indemnified the plain-

tiff against such receipt, but alleges no other damage to the plaintiff.

Upon the trial before the county court, the plaintiff proved the contract and undertaking of the defendant as alleged in his declaration, and it was also proved that the defendant had never paid the debt to Lewis, or otherwise indemnified the plaintiff's intestate against his liability upon the receipt.

The plaintiff's declaration does not allege that he had been compelled to pay anything by reason of his liability on said receipt, nor was it proved on the trial that any payment had been made, though subsequent to the commencement of the suit the liability had become fixed by an allowance by the commissioners against the estate of the intestate.

The county court decided as matter of law that no such damages had, at the time of the commencement of this suit, been sustained by the plaintiff's intestate, as would give him a right of action on the contract which he had proved, and the court therefore rendered judgment in favor of the defendant, to which the plaintiff excepted.

This raises the question, whether the contract of the defendant was merely to indemnify the intestate against loss or damage on account of his executing said receipt to the officer, or whether it was an absolute and independent undertaking by the defendant to pay the debt Cooper owed Lewis, as well as to indemnify.

If it was a mere contract of indemnity, then no right to sue upon it accrued until the plaintiff had suffered some loss or damage, by being compelled to make satisfaction in some way of his obligation, and his action was premature.

If it is to be regarded as an independent stipulation to pay the debt of Cooper to Lewis, and thus relieve the intestate from liability, then the contract was broken as soon as he failed to make payment as he agreed, and the action could be immediately maintained.

Upon looking into the cases which have been produced, we are all agreed that the latter construction is the true one, and that the defendant's contract was intended to be, and was, more than a mere contract of indemnity; and that it was an undertak-

ing to relieve the plaintiff in a particular way, and within a limited time, by payment of the creditor's debt.

The grand result of all the decisions on this subject is, perhaps, as well settled by Mr. SEDGWICK as anywhere: " But when the plaintiff holds not merely an agreement to indemnify and save him harmless against the default of the other, but an express promise to pay a debt, or to do some particular act, then the position of the parties entirely changes, the relation of principal and surety disappears, and it has been held that the failure to perform the act agreed on, gives the plaintiff a right of action even before he has suffered any damage himself, and so it has been decided as a rule of pleading." Sedgwick on Damages 305.

The decisions in support of this principle seem almost innumerable, and but few of them will be referred to, as we are not aware of any judicial determinations to the contrary.

In *Holmes et al.* v. *Rhodes*, 1 B. & P. 638, the defendant was sued upon a bond given by him to the plaintiffs, conditioned that he would pay a debt to a third person, upon which the plaintiffs were liable as sureties for him, and also indemnify the plaintiffs against the same. The plaintiffs had not paid the debt upon which they were sureties, yet it was held that they might maintain the action and recover the full amount of the debt from the defendant, though the object of the bond was indemnity.

In a note to that case, several earlier decisions are quoted, as having settled the rule in that way in the English courts.

The same is decided in a late case in England, *Loosemore* v. *Radford*, 9 M. & W. 656.

In this country the decisions seem to be uniform, and the same way. In *Post* v. *Jackson*, 17 Johns. 239, the plaintiff, a lessee for years, underlet the premises to the defendant, and the defendant covenanted that he would pay the rent to the lessor as it became due, and upon his failure to pay, it was held that the plaintiff could recover the rent unpaid, though he had not paid it to the lessor.

In *Thomas* v. *Allen*, 1 Hill 145, the defendant gave the plaintiff a bond conditioned to pay the plaintiff $800, by satisfying a bond and mortgage on certain premises which the plaintiff had conveyed to the defendant, and to save the plaintiff harmless therefrom.

The plaintiff had not paid off the mortgage, but it was held that he was entitled to recover the amount from the defendant. It does not appear from the case how the plaintiff was under any liability to pay the bond and mortgage.

It has been held in some cases in New York, that a mere contract to indemnify against a liability, is broken as soon as a liability accrues, and before any actual damage is suffered ; *Webb* v. *Pond,* 19 Wend. 423 ; *Rockfeller* v. *Donnelly,* 8 Cowen 623 ; *Chase* v. *Hinman,* 8 Wend. 452. But Mr. Sedgwick criticises these decisions sharply, and later decisions in New York question whether an indemnity against liability is any different from an indemnity against loss or damage ; *Churchill et al* v. *Hunt,* 3 Denio 321 ; *Gilbert* v. *Wyman,* 1 Coms. 550. But both these cases recognize to the fullest extent the doctrine of the cases already cited. In the first, *Churchill* v. *Hunt,* the defendant gave a bond to the plaintiff conditioned that he would save harmless and indemnify the plaintiffs against a certain note signed by them and held by a third person, and also that he would pay or cause to be paid the said note. It was decided that the plaintiffs could recover the full amount of the note of the defendant, though they had not themselves paid it.

In this case, as in most of the previous ones cited, it is said that where the defendant contracts or covenants to do a particular thing, or pay a particular debt, he is liable to a suit as soon as he fails to do the particular thing, or make the particular payment, although the apparent object of the instrument be indemnity.

The cases above cited are quite enough to show the course of decisions on this subject, and if any further reference to cases is desired, they may be found referred to in the above cases.

In the present case, taking the facts proved in connection with the contract, it seems plain what the parties intended. The defendant purchased the property of Cooper while under attachment, and was obliged to procure a receiptor to the officer to enable him to get possession of the property. It is very probable that he agreed with Cooper on the purchase to pay the debt. The plaintiff might be willing to become responsible as receiptor if the debt could be paid, and his liability be released in a few days, when he would be unwilling and refuse to become so to

Adm'r of Hubbard *v.* Billings.

await the issue of a long legal proceeding. Hence the contract by the defendant to release his liability in this way, and the justice of requiring him to perform it. The general object of the contract was indemnity to the plaintiff, and if the defendant had procured his discharge in any other mode than by paying the debt, as by surrendering the property to the officer, or procuring some other person to give a receipt to the officer in place of the plaintiff, or the plaintiff had neglected to enter his suit, so that the attachment was dissolved, and the plaintiff's liability ended, the defendant would have been absolved from his contract, though he had not relieved the plaintiff by payment of the debt as he agreed. But not having relieved the plaintiff in the mode he agreed, by payment of the debt, nor in any other way, he became liable as soon as there was a breach of his contract to pay the debt, and the plaintiff entitled to recover to the full extent of the debt. It is apparent enough that cases might arise, where injustice would ensue from the application of the settled rule of law, as where the defendant was liable personally for the debt, and might be again compelled to pay, after being once collected of him upon such a contract or guaranty. But if such case should arise, the defendant could only blame himself for entering into such a contract, and an opposite rule would probably more often produce injustice in the opposite direction. The justice of it in this case appears unquestionable.

The judgment of the county court is reversed, and judgment rendered for the plaintiff for the amount of the allowance against the estate of the intestate, and the lawful interest thereon.