### Trustees of Net Realty Holding Trust v. AVCO Financial Services of Barre, Inc.

[520 A.2d 981]

No. 85-185

Opinion Filed October 3, 1986

Motion for Reargument Denied December 1, 1986

*Smith Harlow & Liccardi, P.C.*, Rutland, for Plaintiffs-Appellants.

*John J. Welch, Jr.*, Rutland, for Defendants-Appellees.

**Hayes, J.** Plaintiffs, trustees of Net Realty Holding Trust, appeal a superior court order amending a judgment order filed November 18, 1982. We affirm.

This is the second appeal in this landlord-tenant case. Plaintiffs own the Rutland Shopping Plaza. In July, 1976, defendants, AVCO Financial Services of Barre, Inc. and AVCO Financial Services, Inc. (AVCO) leased premises in the Rutland Shopping Plaza for a loan office. AVCO renewed the lease in December, 1980, for an additional term to expire in June, 1986. In the spring

of 1981, AVCO ceased doing business at the Rutland Shopping Plaza, but continued to pay rent until January, 1982. Plaintiffs, claiming that AVCO had defaulted on its rent obligations, and that the premises had been vacated, unilaterally terminated the lease, and initiated an action to recover past due rent, damages, and continuing rent for the remainder of the term.

After trial by court in October, 1982, the court issued an order which concluded:

> Defendants are liable to plaintiff[s] as of October 1, 1982, for $23,512.20 less the amount reflected in computing the escalator in rent using 1976 as the base index vice 1966, and for further sums to become fixed and due.

The court ordered plaintiffs' attorney to prepare an accounting and judgment order in accordance with the court's opinion.

The trial court intended the "further sums to become fixed and due" to reflect the provisions of paragraph 25 of the lease which governed defendants' liability. Paragraph twenty-five reads, in part:

> In the event that the relation of the Landlord and Tenant may cease or terminate by reason of the re-entry of the Landlord under the terms and covenants contained in this lease . . . or after the abandonment of the premises by the Tenant, it is hereby agreed that the Tenant shall remain liable and shall pay in monthly payments the rent which accrues subsequent to the re-entry by the Landlord, and the Tenant expressly agrees to pay as damages for the breach of the covenants herein contained, the difference between the rent reserved and the rent collected and received, if any, by the Landlord, during the remainder of the unexpired term, such difference or deficiency between the rent herein reserved and the rent collected, if any, shall become due and payable in monthly payments during the remainder of the unexpired term, as the amounts of such difference or deficiency shall from time to time be ascertained.

Plaintiffs' attorney prepared a judgment order for the court, which read, in relevant part:

it is further ORDERED AND ADJUDGED

(a) that commencing November 1, 1982 and extending through June 30, 1983, defendants must and shall pay to plaintiffs the sum of $1,151.07 each month, as subsequently accruing rent and additional rent within the meaning of lease paragraph 25;

(b) that defendants must and shall pay to plaintiffs, in July 1983 and each month thereafter through June 1986, subsequently accruing rent and additional rent calculated in accordance with paragraph 4 of the assumption of lease, using the Consumer Price Index for July 1976 as the Base Index;

(c) that through June 1986 defendants must and shall pay to plaintiffs the share of real estate tax increases due under lease paragraph 30; and

(d) that defendants must and shall pay to plaintiffs, commencing in November 1982 and ending in June 1986, as damages for the breach of the lease by Avco Financial Services of Barre, Inc., the difference between the rent reserved in the lease and the rent collected and received by Plaintiffs from any new tenant, such difference to be verified in affidavits filed monthly by Plaintiffs with the Court.

The trial judge signed the order, which was filed on November 17, 1982. Defendants' counsel did not approve its form or content.

This Court affirmed the trial court's decision on March 16, 1984, and denied defendants' motion for reargument on April 4, 1984. See *Trustees of Net Realty Holding Trust* v. *AVCO Financial Services of Barre, Inc.*, 144 Vt. 243, 476 A.2d 530 (1984). On April 30, 1984, plaintiffs sought a writ of execution on the judgment order. Plaintiffs sought rent as it became due in accordance with paragraphs (a) and (b) of the judgment order (without regard to mitigation of damages by rerental) and, in addition, the amount of rent as it became due, in accordance with paragraph (d) of the judgment order (less mitigating rent received from rerenting the property). Thus, plaintiffs believe that they are not only entitled to consequential compensatory damages but also to double the amount of compensatory damages as a penalty.

Defendants moved, pursuant to V.R.C.P. 60, to correct the judgment. The trial court granted defendants' motion and amended the judgment by deleting the requirement that defend-

ants are obligated to pay accruing rent in addition to that required by paragraph (d) of the judgment order.

Plaintiffs argue that the trial court erred in granting defendants relief from the judgment. Plaintiffs specifically contend that defendants waived the right to contest the validity of lease paragraph 25 by failing to raise the issue. Defendants admit they never contested the issue of double damages at trial because, they argue, plaintiffs never sought double damages at trial. We agree. The language in plaintiffs' complaint clearly indicates that plaintiffs sought only single damages, that is, "rent accruing subsequent to December, 1981 and through June 30, 1986, *or*, for the difference between the rent reserved and the rent collected and received, if any, by plaintiffs, during the same period of time." (Emphasis added.) Furthermore, the trial judge explicitly stated that, at the time of trial in October, 1982, and when the trial court signed the judgment order, he "believed that plaintiff[s] [were] seeking compensatory damages only." The court explained that

> The trial court, the appellate court and Plaintiffs['] counsel were lulled into an understanding that only single compensatory damages were being sought as prayed for in the Complaint. The issue of punitive damages was not brought out in the open during trial and was overlooked by everyone concerned except Plaintiff[s] by the obscure wording of Paragraph 25 and its transposition into the final order prepared by Plaintiffs['] counsel.

In addition to not raising the issue of double damages in its complaint or at trial, plaintiffs' only witness testified that plaintiffs believed they were entitled to recover $23,512.20 from defendants, which figure represented single damages only. It was this figure that the trial court recited in its original order dated October 20, 1982. The order prepared by plaintiffs' attorney presumably comported with the court's October 20, 1982 order. Only when plaintiffs' attorney sought execution did the issue of double damages arise.

Furthermore, we believe, as did the court below, that a fair reading of paragraph 25 of the lease agreement does not support plaintiffs' contention that it contains provisions for both compensatory and punitive damages. It is a general rule of construction in Vermont that a doubtful provision in a written instrument is

construed against the party responsible for drafting it. *Page* v. *Lyle H. Hall, Inc.*, 125 Vt. 275, 279, 214 A.2d 459, 463 (1965). In the present case, plaintiffs' predecessor in interest drafted paragraph 25. Thus, any ambiguities in its provisions must be resolved against plaintiffs.

An additional rule of construction exists in Vermont, which, given a choice, prefers that interpretation of a contract which makes it fair and reasonable. *Pike Industries, Inc.* v. *Middlebury Associates*, 140 Vt. 67, 73, 436 A.2d 725, 728 (1981) (on reargument), *cert. denied*, 455 U.S. 947 (1982). In the present case, defendants' interpretation of paragraph 25 as authorizing only single damages is the fairest and most reasonable.

Next, plaintiffs argue that defendants were not entitled to relief under Rule 60. We disagree. V.R.C.P. 60(b) provides several specific reasons justifying the grant of relief from a final judgment or order. A general catch-all provision is included in Rule 60(b)(6), which is "designed to give the court the flexibility to see that the rule serves the ends of justice." Reporter's Notes, V.R.C.P. 60. In *Cliche* v. *Cliche*, 143 Vt. 301, 306, 466 A.2d 314, 316 (1983), this Court noted "that relief from judgment under V.R.C.P. 60(b)(6) is, by its very nature, invoked to prevent hardship or injustice and thus is to be liberally construed and applied."

In the instant case, the court's grant of relief was proper under V.R.C.P. 60(b)(6). Plaintiffs were entitled to only single damages, and the court never intended that plaintiffs receive double damages. An award of double damages would constitute an unfair windfall for plaintiffs.

Finally, plaintiffs argue that the decision below was not made by a properly constituted court and must be reversed. We disagree. Assistant judges are not permitted to rule on legal questions. 4 V.S.A. § 112(b). The issue of whether double damages should be awarded to plaintiffs is a question of law, not of fact. Therefore, the presiding judge's granting of defendants' motion for relief from judgment was a proper exercise of judicial discretion.

We have examined plaintiffs' other arguments and find them to be without merit.

*Affirmed.*